## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| MONICA QUIROZ, ANTOINETTE HAKIMI, | § | |
| ANGÉLE GULLEY, TERRANCE SMITH, AND | § | |
| LAKISHA J. DAVIS, | § | |
| | § | |
| PLAINTIFFS, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 3:16-CV-2212-N |
| | § | |
| WCS SERVICES, LLC, | § | |
| JEFFREY A. KEAHEY, JASON KEAHEY | § | |
| & CRYSTAL BELL, | § | |
| | § | |
| DEFENDANTS. | § | |

## DEFENDANTS' REQUESTED JURY INSTRUCTIONS AND VERDICT FORM

Defendants' respectfully submit the following proposed jury instructions and verdict form. For the reasons stated in *Defendants' Motion for Summary Judgment*, supporting briefing, and objections to Plaintiffs' summary judgment evidence the motion for summary judgment should be granted and no jury charge or verdict form should be necessary. Nevertheless, if the Court denies summary judgment and, thereafter, decides to submit over Defendants' objections any of the issues encompassed by these requests, the issue(s) should be submitted in the form indicated. Additionally, modification or elimination of the requested instructions and proposed questions may be appropriate or required based upon the actual proof adduced at trial.

Respectfully Submitted,

*/s/ John L. Ross*

**JOHN L. ROSS**
Texas State Bar No. 17303020
**CHANTEL L. LEE**
Texas State Bar No. 24081001
**Thompson, Coe, Cousins & Irons, L.L.P.**
700 North Pearl Street, Suite 2500
Dallas, Texas 75201
Telephone:  (214) 871-8206 (Ross)
Telephone:  (214) 871-8242 (Lee)
Fax:            (214) 871-8209
Email:        jross@thompsoncoe.com
Email:        clee@thompsoncoe.com

**ATTORNEYS FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

Pursuant to *Fed. R. Civ. P.* 5(b)(2)(E) and (b)(3), I certify a true and correct copy of the foregoing document and all attachments/exhibits was filed electronically on the 22nd day of August, 2017. Parties may access this filing through the Court's system. *Notice* of this filing will be sent to all parties by operation of the Court's electronic filing system.

I certify that on the 22nd day of June, 2017, a true and correct copy of the foregoing document was also served on Antoinette Hakimi by certified mail, return receipt requested at the following addresses:

1745 Sandpiper Drive
West Lafayette, Indiana 47906
and
PO Box 3125
Englewood, CO 80155

*/s/ John L. Ross*

**JOHN L. ROSS**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **MONICA QUIROZ, ANGÉLE GULLEY,** | § | |
| **TERRANCE SMITH, AND** | § | |
| **LAKISHA J. DAVIS,** | § | |
| | § | |
| **PLAINTIFFS,** | § | |
| | § | **CIVIL ACTION 3:16-CV-2212-N** |
| **VS.** | § | |
| | § | |
| **WCS SERVICES, LLC,** | § | |
| **JEFFREY A. KEAHEY,**[1] | § | |
| | § | |
| **DEFENDANTS.** | § | |

**REQUESTED INSTRUCTION NO. 1: GENERAL INTRODUCTION FOR THE CHARGE:**[2]

## GENERAL INSTRUCTIONS FOR CHARGE

**MEMBERS OF THE JURY:**

It is my duty and responsibility to instruct you on the law you are to apply in this case. The law contained in these instructions is the only law you may follow. It is your duty to follow what I instruct you the law is, regardless of any opinion that you might have as to what the law ought to be.

If I have given you the impression during the trial that I favor either party, you must disregard that impression. If I have given you the impression during

---

[1] For purposes of the jury charge, Defendants have deleted Antoinette Hakimi, Crystal Bell and Jason Keahey from the caption because (1) Plaintiffs Davis, Quiroz, Gulley, and Smith have each voluntarily dismissed their claims against Bell and Jason Keahey; and (2) Defendants anticipate that the Court will dismiss Plaintiff Hakimi from the lawsuit by virtue of her non-participation in the case since withdrawal of her counsel.

[2] *Fifth Circuit Pattern Civil Jury Instructions*, § 3.1 (2014) ("FCPCJI").

the trial that I have an opinion about the facts of this case, you must disregard that impression. You are the sole judges of the facts of this case. Other than my instructions to you on the law, you should disregard anything I may have said or done during the trial in arriving at your verdict.

You should consider all of the instructions about the law as a whole and regard each instruction in light of the others, without isolating a particular statement or paragraph.

The testimony of the witnesses and other exhibits introduced by the parties constitute the evidence. The statements of counsel are not evidence; they are only arguments. It is important for you to distinguish between the arguments of counsel and the evidence on which those arguments rest. What the lawyers say or do is not evidence. You may, however, consider their arguments in light of the evidence that has been admit- ted and determine whether the evidence admitted in this trial supports the arguments. You must determine the facts from all the testimony that you have heard and the other evidence submitted. You are the judges of the facts, but in finding those facts, you must apply the law as I instruct you.

You are required by law to decide the case in a fair, impartial, and unbiased manner, based entirely on the law and on the evidence presented to you in the courtroom. You may not be influenced by passion, prejudice, or sympathy you might have for the plaintiff or the defendant in arriving at your verdict. A corporation and all other persons are equal before the law and must be treated as equals in a court of justice.[3]

---

[3] FCPCJI, § 2.16.

**REQUESTED INSTRUCTION NO. 2: BURDEN OF PROOF:[4]**

The Plaintiffs have the burden of proving their case by a preponderance of the evidence. To establish by a preponderance of the evidence means to prove something is more likely so than not so. If you find that Plaintiffs have failed to prove any element of their claim by a preponderance of the evidence, then Plaintiffs may not recover on that claim.

**REQUESTED INSTRUCTION NO. 3: EVIDENCE:[5]**

The evidence you are to consider consists of the testimony of the witnesses, the documents and other exhibits admitted into evidence, and any fair inferences and reasonable conclusions you can draw from the facts and circumstances that have been proven.

Generally speaking, there are two types of evidence. One is direct evidence, such as testimony of an eyewitness. The other is indirect or circumstantial evidence. Circumstantial evidence is evidence that proves a fact from which you can logically conclude another fact exists. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

**REQUESTED INSTRUCTION NO. 4: STIPULATIONS:[6]**

A "stipulation" is an agreement. When there is no dispute about certain facts, the attorneys may agree or "stipulate" to those facts. You must accept a stipulated fact as evidence and treat that fact as having been proven here in court. The parties have stipulated to the following facts:

---

[4] FCPCJI, § 3.2.

[5] FCPCJI, § 3.3.

[6] FCPCJI, § 2.3.

1. Monica Quiroz was an employee of WCS Services, LLC on February 4, 2016, before she was terminated.

2. Angéle Gulley was an employee of WCS Services, LLC on February 4, 2016, before she was terminated.

3. Lakisha J. ("Joyce") Davis was an employee of WCS Services, LLC on February 4, 2016, before she was terminated.

4. Terrence Smith was an employee of WCS Services, LLC on February 4, 2016, before he was terminated.

5. Quiroz, Gulley, Davis and Smith worked at a worksite known as the Dallas Operations Center, as insurance adjusters, providing services for WCS Services, LLC's client, State Farm Insurance Company.

6. On February 4, 2016, WCS Services, LLC terminated plaintiffs Quiroz, Gulley, Davis and Smith.

7. On February 4, 2016, WCS Services, LLC, terminated Antoinette Hakimi, Robert Leggington, and Willie Thomas.

8. On February 4, 2016, Hakimi, Leggington, and Thomas were employees of WCS Services, LLC, before they were terminated.

9. On February 4, 2016, Hakimi, Leggington, and Thomas also worked at the Dallas Operations Center, before they were terminated.

**REQUESTED INSTRUCTION NO. 5: JUDICIAL NOTICE:**[7]

You must accept as proved facts of which the court takes judicial notice. The court has taken judicial notice that [state the facts].[8]

---

[7] FCPCJI, § 2.4.

[8] Defendants anticipate that during the course of a trial in this case the Court may be called upon to take judicial notice of adjudicative facts.

**REQUESTED INSTRUCTION NO. 6: TRANSCRIPTS OF RECORDED CONVERSATIONS:**[9]

A typewritten transcript of an oral conversation, which can be heard on a recording received in evidence [as Exhibit ———] was shown to you. The transcript also purports to identify the speakers engaged in such conversation.

I have admitted the transcript [as Exhibit ———] for the limited and secondary purpose of aiding you in following the content of the conversation as you listen to the recording, and also to aid you in identifying the speakers.

You are specifically instructed that whether the transcript correctly or incorrectly reflects the content of the conversation or the identity of the speakers is entirely for you to determine, based on your evaluation of the testimony you have heard about the preparation of the transcript and on your own examination of the transcript in relation to your hearing of the recording itself as the primary evidence of its own contents. If you should determine that the transcript is in any respect incorrect or unreliable, you should disregard it to that extent.

**REQUESTED INSTRUCTION NO. 7: WITNESSES:**[10]

You alone are to determine the questions of credibility or truthfulness of the witnesses. In weighing the testimony of the witnesses, you may consider the witness's manner and demeanor on the witness stand, any feelings or interest in the case, or any prejudice or bias about the case, that he or she may have, and the consistency or inconsistency of his or her testimony considered in the light of the circumstances. Has the witness been contradicted by other credible evidence? Has he or she made statements at other times and places

---

[9] FCPCJI, § 2.14.

[10] FCPCJI, § 3.4.

contrary to those made here on the witness stand? You must give the testimony of each witness the credibility that you think it deserves.

Even though a witness may be a party to the action and therefore interested in its outcome, the testimony may be accepted if it is not contradicted by direct evidence or by any inference that may be drawn from the evidence, if you believe the testimony.

You are not to decide this case by counting the number of witnesses who have testified on the opposing sides. Witness testimony is weighed; witnesses are not counted. The test is not the relative number of witnesses, but the relative convincing force of the evidence. The testimony of a single witness is sufficient to prove any fact, even if a greater number of witnesses testified to the contrary, if after considering all of the other evidence, you believe that witness.

### REQUESTED INSTRUCTION NO. 8: IMPEACHMENT BY PRIOR INCONSISTENT STATEMENT:[11]

In determining the weight to give to the testimony of a witness, consider whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony given at the trial.

A simple mistake by a witness does not necessarily mean that the witness did not tell the truth as he or she remembers it. People may forget some things or remember other things inaccurately. If a witness made a misstatement, consider whether that misstatement was an intentional falsehood or simply an innocent mistake. The significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

---

[11] FCPCJI, § 2.11.

**REQUESTED INSTRUCTION NO. 9: NO INFERENCE FROM FILING SUIT:**[12]

The fact that a person brought a lawsuit and is in court seeking damages creates no inference that the person is entitled to a judgment. Anyone may make a claim and file a lawsuit. The act of making a claim in a lawsuit, by itself, does not in any way tend to establish that claim and is not evidence.

**REQUESTED INSTRUCTION NO. 10: INTRODUCTORY INSTRUCTION REGARDING RACE DISCRIMINATION:**[13]

Each of the Plaintiffs [insert names] claims that they would not have been discharged on February 4, 2016, but for their race. Defendant[s] [insert name(s)] deny/denies Plaintiffs' claim and contend[s]:

a. regarding Plaintiff Joyce Davis (1) she was discharged by Human Resources Manager Crystal Bell based on receipt by Ms. Bell of an email from Joyce Davis which Bell considered to be offensive, disrespectful, and condescending; and (2) at the time Bell made the decision she did not know what Joyce Davis' race was; and

b. Plaintiffs Terrance Smith, Angéle Gulley, and Monica Quiroz were discharged based on the recommendations of local managers at the Dallas Operations Center, several of whom were themselves minorities and had first-hand knowledge of the behavioral issues, performance, attitude, and complaints about the adjusters, as the best means of regaining or establishing appropriate management control of the Dallas Operations Center, improving operations and the work environment, and allaying concerns and complaints previously received from State Farm. Race played no role in the decisions.

---

[12] FCPCJI, § 3.6.

[13] FCPCJI, § 11.1 (modified to fit a § 1981 claim).

Federal law prohibits an employer from discharging an employee because of that employee's race. However, the law does not shield an employee against harsh or unfair treatment in the workplace which is not based on an employee's race. The law does not require an employer to have good cause for its decisions. In deciding this case you are not to consider the wisdom, reasonableness, or fairness of WCS Services, LLC's business decisions. The law is not a vehicle for second-guessing business decisions. An employer may take adverse action against an employee for a good reason, a bad reason, a reason based on erroneous facts or wrong conclusions, or for no reason at all, so long as its action is not because of an employee's race.[14]

To prevail on their individual claims, each Plaintiff must prove both of the following by a preponderance of the evidence:[15]

---

[14] *See Price v. Rosiek Constr. Co.*, 509 F.3rd 704, 708-09 (5th Cir. 2007) (approving similar instruction). *See also, e.g., Scott v. University of Mississippi*, 148 F.3rd 493, 509-510 (5th Cir. 1998) (emphasis added; "*Even if evidence suggests that a decision was wrong*, we will not substitute our judgment [for the employer's.] *Such disputes do not support a finding of discrimination and have no place in front of a jury.*"); *Hutson v. McDonnell Douglas Corp.*, 63 F.3rd 771, 781 (8th Cir. 1995) ("[T]he employment discrimination laws have not vested in the federal courts the authority to sit as super-personnel departments reviewing the wisdom or fairness of the business judgments made by employers[.]"); *Mayberry v. Voight Aircraft Co.,* 55 F.3rd 1086, 1091 (5th Cir. 1995) ("The question is not whether an employer made an erroneous decision; it is whether the decision was made with discriminatory motive."); *Sanstad v. CB Richard Ellis, Inc.*, 2001 WL 611174, at 7 (N.D. Tex. June 4, 2001) (Solis, J.: "'Even an incorrect belief that an employee's performance is inadequate constitutes a legitimate, non-discriminatory reason. We do not try in court the validity of good faith belief as to an employee's competence. Motive is the issue.'" *quoting Little v. Republic Ref. Co.*, 924 F.2nd 93, 97 (5th Cir. 1991).

[15] When, as here, the employer has articulated legitimate non-discriminatory reasons for its actions, the permissible inference which arises from a plaintiff's *prima facie* case "drops from the case," *Tex. Dep't of Comm. Affairs v. Burdine*, 450 U.S. 248, 254-56 (1981), and" 'the plaintiff then bears the ultimate burden of proving that the employer's proffered reason is not true

**Footnote continued on next page . . .**

First, that on February 4, 2016, they were discharged from their employment with WCS Services, LLC; and

Second, they would not have been discharged but for their race.[16]

---

*. . . footnote continued from previous page:*

but instead is a pretext for the real discriminatory . . . purpose.'" *Buisson v. Bd. of Sup'rs of La. Cmty. & Tech. Coll. Sys.,* 592 Fed. App'x. at 242–43 (5th Cir. 2014) (*per curiam*; Godbey, J., sitting by designation); *Rachid v. Jack In The Box, Inc.,* 376 F.3d 305, 312 (5th Cir. 2004).

[16] Unlike TITLE VII claims, the "but for" causation standard applies to § 1981 claims. § 1981 claims. *See, e.g., Williams v. Zurz,* 503 Fed. App'x. 367, 375 (6th Cir. 2012) ("Although this Court has repeatedly stated that section 1981 and Title VII share the same prima facie test, this Court has also held that, while *Desert Palace* establishes a mixed-motive standard for Title VII claims, it 'does not modify *McDonnell Douglas* in employment discrimination lawsuits filed under [section] 1981.'" (quoting *Aquino,* below)); *Brown v. J. Kaz, Inc.,* 581 F.3d 175, 182 (3d Cir. 2009) ("[A]lthough the Civil Rights Act of 1991 amended section 1981 in other ways, it did not make the mixed-motive amendments described above applicable to section 1981 actions."); *Aquino v. Honda of Am., Inc.,* 158 F. App'x. 667, 676 (6th Cir. 2005) ("Congress inserted the specific statutory provision [supporting the mixed-motive framework] only into Title VII . . . it did not amend § 1981 in an analogous fashion"); *Lewis v. Young Men's Christian Ass'n,* 208 F.3d 1303, 1305 (11th Cir. 2000); *Mabra v. United Food & Commercial Workers Local Union # 1996,* 176 F.3d 1357 (11th Cir. 1999) (holding mixed-motives alternative unavailable under § 1981); *Knox v. PHC-Cleveland, Inc.,* 24 F. Supp. 3d 584, 589, n. 2 (N.D. Miss. 2014); *Moore v. City of Jackson,* 2012 WL 7588066, at 3, n. 2 (S.D. Miss. Oct. 2, 2012) ("[T]he mixed-motive analysis may not apply to Moore's § 1981 claims, which fall outside of the Title VII framework." (citing *Crouch v. JC Penney Corp.,* 337 F. App'x 399, 702 n. 1 (5th Cir. 2009) and collecting other cases)); *Crabb v. Wal–Mart Stores, Inc.,,* 2012 WL 7092727, at 10 (N.D. Miss. Sept.17, 2012) ("In this Circuit, however, the mixed-motive framework has not yet been extended to § 1981 claims and it is unclear how far the Court's holding in *Gross v. FBL Fin. Serv., Inc.,* has scaled back the extension of the mixed-motive application." (557 U.S. 167 (2009). *See also Univ. Tex. S.W. Med. Ctr. v. Nassar,* ___ U.S. ___, 133 S.Ct. 2417, 2533 (2013) (TITLE VII amendments did not apply to TITLE VII's retaliation provision; "but for" standard still applies to retaliation claims); *Gross v. FBL Fin. Serv., Inc.,* 129 S. Ct. 2343 (2009) (TITLE VII amendments did not apply to the ADEA; "but for" standard continues to apply in age discrimination cases);

**REQUESTED INSTRUCTION NO. 11: PERMISSIBLE INFERENCES FROM EMPLOYERS' ACTIONS:**

In evaluating whether Plaintiffs were discharged because of their race(s), you may consider (1) the percentage of individuals employed by WCS Services, LLC, who were of the same race as Plaintiffs;[17] (2) the extent to which WCS Services, LLC took favorable personnel actions regarding Plaintiffs or regarding other employees of the same race;[18] and (3) whether the same individual responsible for hiring any of the Plaintiffs was also a decision maker in the decision to discharge that Plaintiff.[19] From such facts you may, but are not

---

[17] *See, e.g., Birkbeck v. Marvel Lighting Corp.*, 30 F.3d 507, 513 (4th Cir.) ("[E]mployers who knowingly hire workers within a protected group seldom will be credible targets for charges of a pretextual firing."), *cert. denied*, 513 U.S. 1058 (1994). "The theory is based on a common-sense psychological assumption, that '[i]t hardly makes sense to hire workers from a group one dislikes (thereby incurring the psychological costs of associating with them), only to fire them once they are on the job.'" *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 745 (7th Cir. 1999) (citing *Proud*, 945 F.2d 945 F.2d 796, 797 (4th Cir. 1991) (quoting Donohue & Seligman, *The Changing Nature of Employment Discrimination Litigation*, 43 Stan.L.Rev. 983, 1017 (1991)).

[18] *See, e.g., Coghlan v. American Seafoods Co., LLC*, 413 F.3d 1090, 1096 (9th Cir. 2005) ("an employer's initial willingness to hire the employee-plaintiff is strong evidence that the employer is not biased against the protected class to which the employee belongs."); *Ansell v. Green Acres Contr. Co., Inc.*, 347 F.3d 515, 524 (3d Cir. 2003) ("an employer's favorable treatment of other members of a protected class can create an inference that the employer lacks discriminatory intent."); *Elion v. Jackson*, 544 F.Supp.2d 1, 8 (D. D.C. 2008) (evidence of favorable treatment of others in plaintiff's protected class is admissible to negate plaintiff's allegation of discriminatory intent).

[19] *See, e.g., Spears v. Patterson UTI Drilling Co.*, 337 Fed. App'x. 416, 421–22 (5th Cir. July 16, 2009) ("The same actor inference creates a presumption that animus was not present where the same actor responsible for the adverse employment action either hired or promoted the employee at issue."); *Stover v. Hattiesburg Pub. Sch. Dist.*, 549 F.3d 985, 994 (5th Cir. 2008); *Russell v. McKinney Hosp. Venture*, 235 F.3d 219, 228 n.16 (5th Cir. 2000) ("The 'same actor' inference arises when the individual who allegedly discriminated against the plaintiff was the same individual who hired the plaintiff and gives rise to an

***Footnote continued on next page . . .***

required, to infer that Plaintiffs were not discharged because of race. Employers who knowingly hire workers within a protected group seldom will be credible targets for charges of a discriminatory firing, because it hardly makes sense to hire workers from a group one dislikes (thereby incurring the psychological costs of associating with them), only to fire them once they are on the job

### REQUESTED INSTRUCTION NO. 12: PERMISSIBLE INFERENCE WHERE DECISION MAKER(S) WERE OF THE SAME RACE:

In evaluating whether Plaintiffs were discharged because of their race, you may also consider whether and the extent to which, if at all, the persons involved in making the decision to discharge the Plaintiffs was a member of the same race as that Plaintiff. The law recognizes the unlikelihood such persons are going to be perpetrators of discrimination against the members of their own class.[20]

---

*. . . footnote continued from previous page:*

inference that discrimination was not the motive behind plaintiff's termination."); *Nieto v. L&H Packing Co.*, 108 F.3d 621, 624 (5th Cir. 1997);

[20] *See, e.g., Brown v. CSC Logic*, 82 F.3d 651, 657 (5th Cir. 1996); *Elrod v. Sears, Roebuck and Co.*, 939 F.2d 1466, 1471 (11th Cir. 1991) ("[I]t is difficult for a plaintiff to establish discrimination when the allegedly discriminatory decision-makers are within the same protected class as the plaintiff.").

**REQUESTED QUESTION NOS. 1-4: GENERAL INTRODUCTION FOR THE CHARGE:**

**QUESTION NO. 1:**

Do you find that Joyce Davis would not have been discharged "but for" her race?[21]

**ANSWER: _____ ("YES" OR "NO")**

**QUESTION NO. 2:**

Do you find that Terrance Smith would not have been discharged "but for" his race?

**ANSWER: _____ ("YES" OR "NO")**

**QUESTION NO. 3:**

Do you find that Monica Quiroz would not have been discharged "but for" her race?

**ANSWER: _____ ("YES" OR "NO")**

**QUESTION NO. 4:**

Do you find that Angéle Gulley would not have been discharged "but for" her race?

**ANSWER: _____ ("YES" OR "NO")**

**If you answered "No" to Question Nos. 1, 2, 3 and 4, do not answer the remaining questions, skip to the Certificate, and have the Foreperson sign the verdict form. If you answered "Yes" to Question Nos. 1, 2, 3, or 4, then proceed to the next question.**

---

[21] FCPCJI, § 11.1. *Peguese v. Borup*, 33 Fed. App'x. 704 (5th Cir. 2002) ("[I]ntentional discrimination is an essential element of a claim for relief under section 1981.").

**REQUESTED INSTRUCTION NO. 13: PRELIMINARY INSTRUCTION REGARDING DAMAGES:**[22]

If you found that that WCS Services, LLC intentionally discriminated against any of the Plaintiffs on the basis of race, you must determine whether it has caused that Plaintiff damages and, if so, you must determine the amount of those damages. You should not conclude from the fact that I am instructing you on damages that I have any opinion as to whether any Plaintiff has proved liability.

Plaintiffs must prove his or her damages, if any, by a preponderance of the evidence. Your award, if any, must be based on evidence and not speculation or guesswork. On the other hand, Plaintiffs need not prove the amount of his or her losses, if any, with mathematical precision, but only with as much definitiveness and accuracy as the circumstances permit.

You should consider the following elements of damages, and no others: the amount of other damages, if any, sustained by each Plaintiff for compensatory damages, such as, inconvenience, mental anguish, loss of enjoyment of life, and other noneconomic losses.[23]

Do not include interest on any amount of damages you may find.

---

[22] FCPCJI, § 11.14(B).

[23] For the reasons stated in Defendants' motion for summary judgment, back pay liability, if any, has been tolled by the Plaintiffs rejection of unconditional offers of reinstatement. Accordingly, no issue regarding back pay should be submitted and, for purposes of these requested instructions, instructions regarding back pay have been omitted. In the event the Court deems it appropriate to instruct on the issue of back pay, FCPCJI § 11.14(B) provides the proper form in which to do so.

Defendants also contend no submission of punitive damages is warranted. However, if the Court deems it appropriate to so instruct, the same FCPCJI provides the appropriate form in which to do so, including submission of Defendants' *Kolstad* affirmative defense of good faith.

**COMPENSATORY DAMAGES:**

"Compensatory damages" includes emotional harm, suffering, inconvenience, mental anguish, and loss of enjoyment of life. Do not include back pay or interest in calculating compensatory damages, if any.

Emotional harm and mental anguish will not be presumed simply because a Plaintiff was a victim of discrimination. There must be proof of actual injury resulting from the illegal conduct. Hurt feelings, anger and frustration are part of life and are not the types of harm that could support an emotional harm and mental anguish award. Plaintiffs must prove the existence, nature, and severity of any emotional harm and mental anguish allegedly suffered. Emotional harm and mental anguish may manifest themselves, for example, as sleeplessness, anxiety, stress, depression, marital strain, humiliation, emotional distress, loss of self-esteem, excessive fatigue, or a nervous breakdown. Physical manifestations of emotional harm and mental anguish may consist of ulcers, gastrointestinal disorders, hair loss, or headaches.[24]

---

[24] *EEOC Policy Guidance No.* 915.002 § II(A) (2), at 10 (July 14, 1992); *Brady v. Fort Bend County*, 145 F.3d 691, 718 (5th Cir. 1998); *Eugene v. Rumsfeld*, 168 F. Supp. 2d 655, 678 (S.D. Tex. 2001).

**REQUESTED QUESTION NOS. 5-8:**

**If you answered "Yes" to Question No. 1, then answer Question No. 5. If you answered "No" to Question No. 1, then do not answer Question No. 5 and proceed to the next question.**

**QUESTION NO. 5:**

What sum of money, if any, if paid now in cash, would fairly and reasonably compensate Joyce Davis for her damages, if any, which resulted from her termination from WCS Services, LLC?

Answer separately, in dollars and cents for damages, if any:

1. Past pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life.

**ANSWER:** _____

2. Future pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life.

**ANSWER:** _____

**If you answered "Yes" to Question No. 2, then answer Question No. 6. If you answered "No" to Question No. 2, then do not answer Question No. 6 and proceed to the next question.**

**QUESTION NO. 6:**

What sum of money, if any, if paid now in cash, would fairly and reasonably compensate Terrance Smith for his damages, if any, which resulted from his termination from WCS Services, LLC?

Answer separately, in dollars and cents for damages, if any:

1. Past pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life.

**ANSWER:** _____

2. Future pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life.

**ANSWER:** _____

**If you answered "Yes" to Question No. 3, then answer Question No. 7. If you answered "No" to Question No. 3, then do not answer Question No. 7 and proceed to the next question.**

**QUESTION NO. 7:**

What sum of money, if any, if paid now in cash, would fairly and reasonably compensate Monica Quiroz for her damages, if any, which resulted from her termination from WCS Services, LLC?

Answer separately, in dollars and cents for damages, if any:

1. Past pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life.

**ANSWER:** _____

2. Future pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life.

**ANSWER:** _____

**If you answered "Yes" to Question No. 4, then answer Question No. 8. If you answered "No" to Question No. 4, then do not answer Question No. 8, proceed to the Certificate, and have the Foreperson sign the verdict.**

**QUESTION NO. 5:**

What sum of money, if any, if paid now in cash, would fairly and reasonably compensate Angéle Gulley for her damages, if any, which resulted from her termination from WCS Services, LLC?

Answer separately, in dollars and cents for damages, if any:

1. Past pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life.

**ANSWER:** _____

2. Future pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life.

**ANSWER:** _____

**REQUESTED INSTRUCTION NO. 14: DUTY TO DELIBERATE:**[25]

It is now your duty to deliberate and to consult with one another in an effort to reach a verdict. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if you are convinced that you were wrong. But do not give up on your honest beliefs because the other jurors think differently, or just to finish the case.

Remember at all times, you are the judges of the facts. You have been allowed to take notes during this trial. Any notes that you took during this trial are only aids to memory. If your memory differs from your notes, you should rely on your memory and not on the notes. The notes are not evidence. If you did not take notes, rely on your independent recollection of the evidence and do not be unduly influenced by the notes of other jurors. Notes are not entitled to greater weight than the recollection or impression of each juror about the testimony.

When you go into the jury room to deliberate, you may take with you a copy of this charge, the exhibits that I have admitted into evidence, and your notes.

---

[25] FCPCJI, § 3.7.

You must select a jury foreperson to guide you in your deliberations and to speak for you here in the courtroom.

Your verdict must be unanimous. After you have reached a unanimous verdict, your jury foreperson must fill out the answers to the written questions on the verdict form and sign and date it. After you have concluded your service and I have discharged the jury, you are not required to talk with anyone about the case.

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as telephone, cell phone, smart phone, iPhone, Blackberry, or computer. You may not use the internet, or internet service, or any text or instant messaging service, nor communicate or use in any way any internet chat room, blog, or website such as Facebook®, MySpace®, LinkedIn®, YouTube®, or Twitter®, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict. In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case. You can only discuss the case in the jury room with your fellow jurors during deliberations. I expect you will inform me as soon as you become aware of another juror's violation of these instructions.[26]

You may not use these electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom. Information on the internet or available through social media might be wrong, incomplete, or inaccurate. You

---

[26] This paragraph is a Defendants' requested modification of FCPCJI, § 3.7.

are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have. In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom. Otherwise, your decision may be based on information known only by you and not your fellow jurors or the parties in the case. This would unfairly and adversely impact the judicial process.[27]

If you need to communicate with me during you deliberations, the jury foreperson should write the inquiry and give it to the court security officer. After consulting with the attorneys, I will respond either in writing or by meeting with you in the courtroom. Keep in mind, however, that you must never disclose to anyone, not even to me, your numerical division on any question.

You may now proceed to the jury room to begin your deliberations.

### CERTIFICATE

We, the jury, have answered the above and foregoing questions unanimously, and herewith return the same into court as our verdict.


_____          _____
Date                                    Jury Foreperson

SIGNED at Dallas, Texas, this the _____ day of _____, 2017.

                                        _____
                                        **DAVID GODBEY**
                                        **UNITED STATES DISTRICT JUDGE**


_____

[27] This paragraph is a Defendants' requested modification of FCPCJI, § 3.7.