IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MONICA QUIROZ, | § | |
| ANGÉLE GULLEY, | § | |
| TERRENCE SMITH & | § | |
| LAKISHA J. DAVIS, | § | |
| | § | |
| Plaintiffs, | § | CIVIL ACTION NO. 3:16-CV-2212-N |
| | § | |
| v. | § | |
| | § | |
| WCS SERVICES, LLC & | § | |
| JEFFERY A. KEAHEY, | § | |
| | § | |
| Defendants. | § | |

## PLAINTIFFS' PROPOSED JURY INSTRUCTIONS AND VERDICT SHEET

TO THE HONORABLE COURT:

Plaintiffs Quiroz, Gulley, Smith and Davis hereby jointly submit these plaintiffs' Proposed Jury Instructions, for their claims under 42 U.S.C. § 1981 against Defendants WCS Services, LLC and Jeffery A. Keahey. By Order of the Court in Dkt. No. 46, the Court dismissed former Plaintiff Hakimi's claims. Because her claims were the only remaining claims against Defendant Jason A. Keahey and Defendant Crystal Bell, those Defendants appear to be dismissed as well.

## INSTRUCTION NO. 1

MEMBERS OF THE JURY:

It is my duty and responsibility to instruct you on the law you are to apply in this case. The law contained in these instructions is the only law you may follow. It is your duty to follow what I instruct you the law is, regardless of any opinion that you might have as to what the law ought to be.

If I have given you the impression during the trial that I favor either party, you must disregard

that impression. If I have given you the impression during the trial that I have an opinion about the facts of this case, you must disregard that impression. You are the sole judges of the facts of this case. Other than my instructions to you on the law, you should disregard anything I may have said or done during the trial in arriving at your verdict.

You should consider all of the instructions about the law as a whole and regard each instruction in light of the others, without isolating a particular statement or paragraph.

The testimony of the witnesses and other exhibits introduced by the parties constitute the evidence. The statements of counsel are not evidence; they are only arguments. It is important for you to distinguish between the arguments of counsel and the evidence on which those arguments rest. What the lawyers say or do is not evidence. You may, however, consider their arguments in light of the evidence that has been admitted and determine whether the evidence admitted in this trial supports the arguments. You must determine the facts from all the testimony that you have heard and the other evidence submitted. You are the judges of the facts, but in finding those facts, you must apply the law as I instruct you.

You are required by law to decide the case in a fair, impartial, and unbiased manner, based entirely on the law and on the evidence presented to you in the courtroom. You may not be influenced by passion, prejudice, or sympathy you might have for the plaintiff or the defendant in arriving at your verdict

*Source: Fifth Circuit Pattern Jury Instructions 2014, p. 28.*

INSTRUCTION NO. 2: BURDEN OF PROOF

Each of the four Plaintiffs has the burden of proving her or his individual case by a preponderance of the evidence. To establish by a preponderance of the evidence means to prove something is more likely so than not so. If you find that a Plaintiff has failed to prove any element of her or his claim by a preponderance of the evidence, then that Plaintiff may not recover on that claim.

The only exception to the "preponderance of the evidence" burden that each Plaintiff bears is each Plaintiff's claim for punitive damages, which that Plaintiff must prove by "clear and convincing evidence." "Clear and convincing evidence" requires a higher degree of proof than a "preponderance of the evidence" standard. The meaning of the term "clear and convincing evidence" will be described when the Plaintiffs' claims for punitive damages as addressed later in this charge.

*Source: Fifth Circuit Pattern Jury Instructions 2014, p. 19.*

## INSTRUCTION NO. 3: EVIDENCE

The evidence you are to consider consists of the testimony of the witnesses, the documents and other exhibits admitted into evidence, and any fair inferences and reasonable conclusions you can draw from the facts and circumstances that have been proven.

Generally speaking, there are two types of evidence. One is direct evidence, such as testimony of an eyewitness. The other is indirect or circumstantial evidence. Circumstantial evidence is evidence that proves a fact from which you can logically conclude another fact exists. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

*Source: Fifth Circuit Pattern Jury Instructions 2014, p. 19-20.*

INSTRUCTION NO. 4: WITNESSES

You alone are to determine the questions of credibility or truthfulness of the witnesses. In weighing the testimony of the witnesses, you may consider the witness's manner and demeanor on the witness stand, any feelings or interest in the case, or any prejudice or bias about the case, that he or she may have, and the consistency or inconsistency of his or her testimony considered in the light of the circumstances. Has the witness been contradicted by other credible evidence? Has he or she made statements at other times and places contrary to those made here on the witness stand? You must give the testimony of each witness the credibility that you think it deserves. Even though a witness may be a party to the action and therefore interested in its outcome, the testimony may be accepted if it is not contradicted by direct evidence or by any inference that may be drawn from the evidence, if you believe the testimony.

You are not to decide this case by counting the number of witnesses who have testified on the opposing sides. Witness testimony is weighed; witnesses are not counted. The test is not the relative number of witnesses, but the relative convincing force of the evidence. The testimony of a single witness is sufficient to prove any fact, even if a greater number of witnesses testified to the contrary, if after considering all of the other evidence, you believe that witness.

*Source: Fifth Circuit Pattern Jury Instructions 2014, p. 20.*

<u>INSTRUCTION NO. 5: No Inference from Filing Suit</u>

The fact that a person brought a lawsuit and is in court seeking damages creates no inference that the person is entitled to a judgment. Anyone may make a claim and file a lawsuit. The act of making a claim in a lawsuit, by itself, does not in any way tend to establish that claim and is not evidence.

*Source: Fifth Circuit Pattern Jury Instructions 2014, p. 21.*

INSTRUCTION NO. 6:  Stipulations of Fact

A "stipulation" is an agreement. When there is no dispute about certain facts, the attorneys may agree or "stipulate" to those facts. You must accept a stipulated fact as evidence and treat that fact as having been proven here in court.

*[Source: Fifth Circuit Pattern Jury Instructions 2014, Section 2.3]*

The parties have agreed, or stipulated to the following facts. This means that both sides agree that these are facts. You must therefore treat these as facts having been proved:

1. Monica Quiroz was an employee of WCS Services, LLC on February 4, 2016, before she was terminated.

2. Angéle Gulley was an employee of WCS Services, LLC on February 4, 2016, before she was terminated.

3. Lakisha J. Davis was an employee of WCS Services, LLC on February 4, 2016, before she was terminated.

4. Terrence Smith was an employee of WCS Services, LLC on February 4, 2016, before he was terminated.

5. Quiroz, Gulley, Davis and Smith worked at a worksite known as the Dallas Operations Center, as insurance adjusters, providing services for a WCS Services, LLC client.

6. On February 4, 2016, WCS Services, LLC terminated plaintiffs Quiroz, Gulley, Davis and Smith.

7. On February 4, 2016, WCS Services, LLC, terminated Antoinette Hakimi, Robert Leggington, and Willie Thomas.

8. On February 4, 2016, Hakimi, Leggington, and Thomas were employees of WCS Services, LLC, before they were terminated.

9. On February 4, 2016, Hakimi, Leggington, and Thomas also worked at the Dallas Operations Center, before they were terminated.

INSTRUCTION NO. 7: Plaintiffs' claims

In this case, Plaintiffs Monica Quiroz, Angéle Gulley, Terrence Smith and Lakisha Joyce Davis have each made an individual claim under a federal civil rights statute that prohibits race discrimination in the making and enforcing of contracts. *[3rd Court of Appeals Pattern Jury Charge for Section 1981 claims, Sect. 6.0, p.3.]* For purposes of this law, an at-will employment relationship is a contract to which this law applies. *[Fadeyi v. Planned Parenthood Ass'n of Lubbock, Inc., 160 F.3d 1048, 1049–50 (5th Cir. 1998) ("We conclude that the better view is that, irrespective of being subject to at-will termination, such an employee stands in a contractual relationship with his employer and thus may maintain a cause of action under § 1981.")]* Specifically, each of these plaintiffs has made an individual claim that he or she was terminated by Defendant WCS Services, LLC, and/or Defendant Jeffery A. Keahey because of – in whole or in part – that Plaintiff's race. Quiroz alleges that her race is Hispanic. Gulley, Smith and Davis each allege that their race is black.

Defendant WCS Services, LLC and Defendant Jeffery A. Keahey deny that Quiroz, Gulley, Smith or Davis was terminated because of each individual's race. Further, the Defendants claims that each of the Plaintiffs was terminated due to legitimate, non-discriminatory reasons.

In order for each Plaintiff to recover on each Plaintiff's discrimination claims against both WCS Services, LLC as well as Jeffery A. Keahey, each Plaintiff must prove that WCS Services, LLC or Jeffery A. Keahey intentionally discriminated against that Plaintiff. This means that each Plaintiff must prove that her or his race was a motivating factor in WCS Services, LLC's decision, and/or Jeffery A. Keahey's decision, to terminate that Plaintiff. To prevail on their claims, each Plaintiff must prove each element of their claim by a preponderance of the

evidence. In showing that the Plaintiff's race was a motivating factor for her or his termination, each Plaintiff is not required to prove that her or his race was the sole motivation, or even the primary motivation, for a Defendant's termination decision. Each Plaintiff need only prove that her or his race played a motivating part in a  Defendant's decision to terminate that Plaintiff, even though other factors may also have motivated a Defendant to terminate that Plaintiff.

With respect to each Plaintiff's claim for race discrimination, if you find that WCS Services, LLC and/or Jeffery A. Keahey discriminated against that Plaintiff based on that Plaintiff's race, you may award that Plaintiff economic damages, which includes wages, salary, and other employment benefits. You may also award compensatory damages. You may also award punitive damages. The conditions under which you may award such damages will be described below, before each question pertaining to such damages that you are instructed to answer.

**<u>Question No. 1</u>: Did each Plaintiff prove that WCS Services, LLC discriminated against that Plaintiff because of her or his race?**

For each named Plaintiff listed below, answer "Yes" if that named Plaintiff did prove such discrimination against that Plaintiff by WCS Services, LLC. Or, answer "No" if that named Plaintiff did not prove such discrimination against that Plaintiff by WCS Services, LLC.


Monica Quiroz _____


Angéle Gulley _____


Terrence Smith _____


Lakisha Joyce Davis _____


(After completing Question No. 1, proceed to the next page.)

**Question No. 2:** **Did Defendant Jeffery A. Keahey have the authority to act on behalf of WCS Services, LLC, in making and enforcing WCS Services, LLC's contract with each of the Plaintiffs?**

Answer "Yes" or "No" as to each Plaintiff:

Monica Quiroz _____

Angéle Gulley  _____

Terrence Smith  _____

Lakisha Joyce Davis  _____

(If you answered "Yes" to at least one Plaintiff in response to Question No. 2, go to the next page. If you answered "No" as to all Plaintiffs in both Question No. 1 and Question No. 2, go to page _____.)

**Question No. 3:** **Did each Plaintiff prove that Defendant Jeffery A. Keahey discriminated against that Plaintiff because of her or his race?**

For each named Plaintiff listed below, answer "Yes" if that named Plaintiff did prove such discrimination against that Plaintiff by Defendant Jeffery A. Keahey. Or, answer "No" if that named Plaintiff did not prove such discrimination by Defendant Jeffery A. Keahey against that Plaintiff.

Monica Quiroz _____

Angéle Gulley _____

Terrence Smith _____

Lakisha Joyce Davis _____

(After completing Question No. 3, if you answered "Yes" as to at least one of the Plaintiffs in either Question No. 1 or Question No. 3, proceed to the next page. If you answered "No" for each and every one of the four Plaintiffs in response to both Question No. 1 and Question No. 3, go to page _____.)

## DAMAGES

If you find that a Defendant is liable to a Plaintiff for discrimination, then you must determine an amount that is fair compensation for all of that Plaintiff's damages. The purpose of an award of damages is to make the Plaintiff whole — that is, to compensate the Plaintiff for the damage that the Plaintiff has suffered. In this case, there are 4 Plaintiffs. You must consider damages for each Plaintiff separately from each other Plaintiff.

You may award damages only for injuries that the Plaintiff proves were proximately caused by a Defendant's allegedly wrongful conduct. The damages that you award must be fair compensation for all of the Plaintiff's damages, no more and no less. You should not award damages for speculative injuries, but only for those injuries which the Plaintiff has actually suffered or that the Plaintiff is reasonably likely to suffer in the future.

If you decide to award damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require that the Plaintiff prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances in evidence.

**Loss of Wages and Benefits**

If you found that a Defendant is liable to a Plaintiff for discrimination, then you must determine an amount that is fair compensation for any loss of wages and job-related benefits that that the Plaintiff suffered in the past and is reasonably expected to suffer in the future. Two general premises apply to the computation of this award: (1) unrealistic exactitude is not required and (2) uncertainties in determining what an employee would have earned but for the discrimination should be resolved against the Defendants.

If you award damages for loss of future wages, you must reduce it to the present value by considering the interest that the Plaintiff could earn on the amount of the award if she or he made a relatively risk-free investment. The reason why you must make this reduction is because an award of an amount representing future loss of earnings is more valuable to the Plaintiff if she or he receives it today than if she or he received it in the future, when she or he would have otherwise earned it. It is more valuable because the Plaintiff can earn interest on it for the period of time between the date of the award and the date he would have earned the money. Thus you should adjust the amount of any award for future loss of earnings by the amount of interest that the Plaintiff can earn on that amount in the future.

Only answer Questions Nos. 4-8, below, for a particular Plaintiff if you answered with a "Yes" in response to either Question No. 1 or Question No. 3 for that particular Plaintiff. As long as you answered "Yes" for a particular Plaintiff in your response to at least Question No. 1, or at least Question No. 3, you must proceed to answer Questions Nos. 4-8 for that particular Plaintiff. However, if you answered "No" for a particular Plaintiff in your responses to both Question No. 1 and Question No. 3, then leave empty the blank next to that Plaintiff's name in Questions Nos. 4-8.

## **Back Pay**

"Back pay" is the amount of past lost wages that the Plaintiff would have earned through the time of trial if she or he had not been subjected to the Defendant's unlawful conduct, less any wages or employment benefits the Plaintiff received in the interim.

**QUESTION NO. 4: What sum of money, if any, paid now in cash, would fairly and reasonably compensate each Plaintiff for her or his individual past lost wages that resulted from the discriminatory termination?**

Only answer for a Plaintiff if your response was "Yes" to Question No. 1 and/or Question No. 3 for that particular Plaintiff. Otherwise, leave empty the blanks next to that particular Plaintiff. Answer in dollars and cents for damages, if any.

Monica Quiroz $_____

Angéle Gulley  $_____

Terrence Smith  $_____

Lakisha Joyce Davis  $_____

(After answering Question No. 4, proceed to the next page.)

### Front Pay

"Front pay" is the amount of wages and employment benefits that Plaintiff would have reasonably expected to have earned in the future if he had not been subjected to Defendant's unlawful conduct less any wages or employment benefits he is reasonably expected to earn in the future.

**QUESTION NO. 5:** What sum of money, if any, paid now in cash, would fairly and reasonably compensate each Plaintiff for his or her individual future lost wages and employment benefits that resulted from the discriminatory termination?

Only answer for a Plaintiff if your response was "Yes" in response to Question No. 1 and/or Question No. 3 for that particular Plaintiff. Otherwise, leave empty the blank next to that particular Plaintiff. Answer in dollars and cents for damages, if any.

Monica Quiroz $_____

Angéle Gulley  $_____

Terrence Smith  $_____

Lakisha Joyce Davis  $_____

(After answering Question No. 5, proceed to the next page.)

## Compensatory Damages

For awarding "compensatory damages," you should consider the following elements of damages, and no others: emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

There is no exact standard for determining compensatory damages. You are to determine an amount that will fairly compensate each Plaintiff for such injury, if any, he or she has sustained.

Again, only answer Question No. 3 for each Plaintiff for whom you answered "Yes" in response to Question No. 1. If you answered "No" for a particular Plaintiff in response to Question No. 1, then leave empty the blank next to that Plaintiff's name in Question No. 3.

**QUESTION NO. 6: What sum of money, if paid now in cash, would fairly and reasonably compensate the Plaintiff for the compensatory damages, if any, you have found that the Plaintiff suffered as a proximate cause of the discriminatory termination?**

Only answer for a Plaintiff if your response was "Yes" to Question No. 1 and/or Question No. 3 for that particular Plaintiff. Otherwise, leave empty the blank next to that particular Plaintiff. Answer in dollars and cents, or "none."

**A.  For <u>past</u> emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses:**

Monica Quiroz $_____

Angéle Gulley  $_____

Terrence Smith  $_____

Lakisha Joyce Davis  $_____

(Proceed to the next page.)

**B.      For <u>future</u> emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life, and other nonpecuniary losses:**

Monica Quiroz $_____

Angéle Gulley  $_____

Terrence Smith  $_____

Lakisha Joyce Davis  $_____

(After answering Question No. 6A and Question No. 6B, proceed to the next page.)

## Punitive Damages

If you found that one or both Defendants discriminated against a Plaintiff because of that Plaintiff's race, you may also award punitive damages against that Defendant if that Plaintiff has proved, by a preponderance of the evidence, that the Defendant acted with malice or reckless indifference to that Plaintiff's right not to be subjected to race discrimination. *[See* White v. Burlington N. & Santa Fe R. Co., *364 F.3d 789, 807 (6th Cir. 2004), aff'd sub nom.* Burlington N. & Santa Fe Ry. Co. v. White, *548 U.S. 53, 126 S. Ct. 2405, 165 L. Ed. 2d 345 (2006) ("While there have been developments concerning the standard of proof for punitive damages claims at the state level, these trends do not support the conclusion that the 'clear and convincing' standard applies to federal punitive damage claims under Title VII, which has its own limitations on punitive damage awards.")]*

Each Plaintiff must individually prove that Plaintiff's entitlement to punitive damages.

The purposes of an award of punitive damages are, first, to punish a wrongdoer for misconduct and, second, to warn others against doing the same.

You may not award punitive damages against a Defendant unless you find that the Plaintiff has proven that the employee, agent, director or officer who committed the discrimination was employed in a position of managerial capacity, acted within the scope of employment, and acted with malice or reckless indifference to that Plaintiff's right not to be subjected to race discrimination.

An action is taken with malice if a person knows that it violates the federal law prohibiting discrimination and does it anyway. An action is taken with reckless indifference if with knowledge that certain conduct violates the law, fails to take curative action. If you do not find that a Defendant acted with malice or reckless indifference to that Plaintiff's federally protected rights, then you cannot award punitive damages to that Plaintiff.

If you determine that a Defendant's conduct was so shocking and offensive as to justify an award of punitive damages, you may exercise your discretion to award those damages.

In making any award of punitive damages, you should consider that the purposes of punitive damages are to punish a defendant for shocking conduct, and to deter that Defendant and others from engaging in similar conduct in the future. The law does not require an award of punitive damages, however, if you decide to award punitive damages, you must use sound reason in setting the amount. The amount of an award of punitive damages must not reflect bias, prejudice, or sympathy toward any party.

(Proceed to the next page.)

**QUESTION NO. 7. Do you find that each Plaintiff should be awarded punitive damages?**

Only answer for a Plaintiff if your response was "Yes" in response to Question No. 1 and/or Question No. 3 for that particular Plaintiff.   Otherwise, leave empty the blanks next to that particular Plaintiff.

**Against Defendant WCS Services, LLC:** Answer "Yes" or "No" as to each Plaintiff. Only answer for a particular Plaintiff as to WCS Services, LLC, if you answered "Yes" for that particular Plaintiff in response to Question No. 1.

Monica Quiroz, against WCS Services, LLC   _____

Angéle Gulley, against WCS Services, LLC   _____

Terrence Smith, against WCS Services, LLC   _____

Lakisha Joyce Davis, against WCS Services, LLC   _____

**Against Jeffery A. Keahey:**   Answer "Yes" or "No" as to each Plaintiff. Only answer for a particular Plaintiff as to Jeffery A. Keahey, if you answered "Yes" for that particular Plaintiff in response to Question No. 3.

Monica Quiroz, against Jeffery A. Keahey   _____

Angéle Gulley, against Jeffery A. Keahey   _____

Terrence Smith, against Jeffery A. Keahey   _____

Lakisha Joyce Davis, against Jeffery A. Keahey   _____

(If you answered "Yes" at least once in response to Question No. 7, proceed to the next page. If you answered "No", or left empty, all 8 blanks in response to Question No. 7, go to page _____.)

**QUESTION NO. 8:** **What sum of money should be assessed against a Defendant as punitive damages?**

Answer below only for the Plaintiffs for whom you answered "Yes" at least once in response to Question 7. Otherwise, leave empty the blank next to the Plaintiff's name.

**Against Defendant WCS Services, LLC:** Answer in dollars and cents, or "none." Only answer for a particular Plaintiff against WCS Services, LLC, if you answered "Yes" for that particular Plaintiff against WCS Services, LLC in your response to Question No. 7.

Monica Quiroz, against WCS Services, LLC  $_____

Angéle Gulley, against WCS Services, LLC    $_____

Terrence Smith, against WCS Services, LLC    $_____

Lakisha Joyce Davis, against WCS Services, LLC   $_____

**Against Defendant Jeffery A. Keahey:** Answer in dollars and cents, or "none." Only answer for a particular Plaintiff against Jeffery A. Keahey, if you answered "Yes" for that particular Plaintiff against Jeffery A. Keahey in your response to Question No. 7.

Monica Quiroz, against WCS Services, LLC  $_____

Angéle Gulley, against WCS Services, LLC    $_____

Terrence Smith, against WCS Services, LLC    $_____

Lakisha Joyce Davis, against WCS Services, LLC   $_____

(After completing Question No. 8, proceed to page _____.)

### After Argument

It is now your duty to deliberate and to consult with one another in an effort to reach a verdict. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if you are convinced that you were wrong. But do not give up on your honest beliefs because the other jurors think differently, or just to finish the case.

Remember at all times, you are the judges of the facts. You have been allowed to take notes during this trial. Any notes that you took during this trial are only aids to memory. If your memory differs from your notes, you should rely on your memory and not on the notes. The notes are not evidence. If you did not take notes, rely on your independent recollection of the evidence and do not be unduly influenced by the notes of other jurors. Notes are not entitled to greater weight than the recollection or impression of each juror about the testimony.

When you go into the jury room to deliberate, you may take with you a copy of this charge, the exhibits that I have admitted into evidence, and your notes. You must select a presiding juror to guide you in your deliberations and to speak for you here in the courtroom.

Your verdict must be unanimous. After you have reached a unanimous verdict, your presiding juror must fill out the answers to the written questions on the verdict form and sign and date it. After you have concluded your service and I have discharged the jury, you are not required to talk with anyone about the case.

If you need to communicate with me during your deliberations, the presiding juror should write the inquiry and give it to the court security officer. After consulting with the attorneys, I will respond either in writing or by meeting with you in the courtroom. Keep in mind, however, that you must never disclose to anyone, not even to me, your numerical division on any question.

You may now proceed to the jury room to begin your deliberations.


Dated: _____



_____
United States District Judge

## CERTIFICATE OF THE JURY

We, the jury, have answered the above and foregoing questions as herein indicated and herewith, return the same into Court as our unanimous verdict.


SIGNED this _____ day of _____ 2017.



_____
PRESIDING JUROR

Respectfully submitted, this _____ day of September 4, 2017.

Respectfully submitted,

*/s/ Kerry V. O'Brien*

Kerry V. O'Brien
Texas Bar No. 24038469
Board Certified in Labor & Employment Law by the TBLS



1011 Westlake Drive
Austin, Texas 78746
email: ko@obrienlawpc.com
phone: (512) 410-1960
fax: (512) 410-6171

**COUNSEL FOR PLAINTIFFS:**
**Quiroz, Gulley, Smith and Davis**

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document has been served upon the following via the CM/ECF system on September 4, 2017:

JOHN L. ROSS
Texas State Bar No. 17303020
CHANTEL L. LEE
Texas State Bar No. 24081001
THOMPSON, COE, COUSINS & IRONS, L.L.P.
700 North Pearl Street, Suite 2500
Dallas, Texas 75201
Telephone: (214) 871-8206 (Ross)
Telephone: (214) 871-8242 (Lee)
Fax: (214) 871-8209
Email: jross@thompsoncoe.com
Email: clee@thompsoncoe.com

ATTORNEYS FOR DEFENDANTS


/s/ Kerry V. O'Brien
Kerry V. O'Brien